James CARSON and Bertha Carson, individually and on behalf of their minor children; Ruthie Royster, individually and on behalf of her minor children; and on behalf of all others similarly situated and Greater St. Louis Committee for Freedom of Residence, Inc., a not-for-profit Missouri corporation, Appellants,

v.

Samuel R. PIERCE, Jr. in his official capacity as Secy of Housing & Urban Development; Harry Sharrott, in his official capacity as Acting Reg. Admin. of Housing & Urban Development; Johnny Bullock, Jr. in his official capacity as Area Mgr for St. Louis Area of Region VII of Dept. of HUD; Department of Housing & Urban Development, an executive agency of the U.S., Spanish Lake Associates, a Michigan co-partnership and its partners; Stephen P. Hayman, individually and in his capacity as mgr. partner of Spanish Lake Assoc.; Alan J. Hayman, individually and in his capacity as mgr. partner of Spanish Lake Assoc.; and Hayman Management Company, a Michigan corporation, Appellees.

No. 82–2077.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1983.

Decided Oct. 25, 1983.

David L. Lambert, James B. Morales, National Center for Youth Law, San Francisco, Cal., Jim Eggleston, Oakland, Cal., David Howard, Adrienne Volenik, Howard & Volenik, St. Louis, Mo., for appellants.

Gary L. Vincent, St. Louis, Mo., for appellees.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and WOODS,* District Judge.

FAGG, Circuit Judge.

The owners and managers of a federally insured apartment complex provide in their leases that no more than two children shall reside in any one of their apartments. Plaintiffs brought this action to declare illegal and enjoin the enforcement of this policy, claiming that it discriminates unlawfully against families with children. The district court, 546 F.Supp. 80, dismissed the claim against the apartment owners and managers. Without reaching the issues decided by the district court, we affirm the dismissal because the plaintiffs' claims are now moot.

In August 1979 individual plaintiffs James and Bertha Carson and their three minor children moved into a three-bedroom apartment pursuant to a one-year lease. The apartment was owned by Spanish Lake Associates and managed by Hayman Management Company. The owners and managers of the apartments shall be referred to collectively as the private defendants. In July 1980 the Carsons received notice that their lease would not be renewed because of the private defendants' policy to deny occupancy to families with more than two children. Plaintiff Ruthie Royster and her three children also moved into a three-bedroom apartment owned and managed by

the private defendants in August 1979 under a one-year lease. Like the Carsons, Royster was informed in July 1980 that her lease would not be renewed due to the policy limiting the number of children residing in each apartment to two.

Plaintiffs brought this action in federal district court for themselves, their minor children, and all others similarly situated. The class certification request was never ruled upon by the district court. Joined as a plaintiff is Greater St. Louis Committee for Freedom of Residence, Inc., a non-profit association that seeks to prevent discrimination in housing. Plaintiffs alleged in their complaint that the private defendants had breached the terms of a regulatory agreement between HUD and the private defendants, which proscribed discrimination against families with children in the selection of tenants for apartments. Plaintiffs sued in their alleged capacity as intended third-party beneficiaries of that agreement. Plaintiffs also alleged that the private defendants had violated certain provisions of the National Housing Act prohibiting discrimination against families with children in federally insured housing developments. Additionally, plaintiffs sued HUD and various HUD officials for failing to comply with their duty of enforcing the non-discrimination provisions of the National Housing Act.

The district court dismissed plaintiffs' claims against the private defendants, holding that (1) plaintiffs were not intended beneficiaries of the non-discrimination provision of the regulatory agreement between HUD and defendants, and thus could not sue to enforce that provision; and (2) there was no private right of action under the National Housing Act. The district court denied the motion to dismiss the claim against the federal defendants. Plaintiffs appeal the district court's dismissal of their claim against the private defendants.

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Ar-

kansas, sitting by designation.

■ We do not reach the merits of the district court decision. The plaintiffs have moved out of the apartments owned and managed by the private defendants and have found other housing. Because none of the individual plaintiffs are now living at the private defendants' apartments, we hold that their claims for declaratory and injunctive relief are now moot. We also hold that the associational plaintiff, Freedom of Residence, does not have standing to sue the private defendants because it has not demonstrated that any of its individual members would have standing to sue in their own right.

■ The judicial power of the federal courts is restricted by Article III of the Constitution to cases and controversies. *See United States Parole Commission v. Geraghty,* 445 U.S. 388, 395, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980); *Flast v. Cohen,* 392 U.S. 83, 94, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1968). The controversy requirement of the Declaratory Judgment Act is synonymous with that of Article III of the Constitution. *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 239–40, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1974); *Cass County v. United States,* 570 F.2d 737, 739 (8th Cir.1978). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. Additionally, the controversy must be one for which the court can grant specific and conclusive relief. *Aetna Life Insurance Co. v. Haworth, supra,* 300 U.S. at 240–41, 57 S.Ct. at 463–64; *Backus v. Baptist Medical Center,* 671 F.2d 1100, 1102 (8th Cir. 1982); *Cass County v. United States,* 570 F.2d at 740. Existence of a case or controversy must appear at every stage of the litigation. *Allen v. Likins,* 517 F.2d 532, 534 (8th Cir.1975). A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969).

In this case, there is no doubt that a live controversy existed at the time plaintiffs filed suit. The value of the relief which plaintiffs sought from the private defendants, however, was dependent upon either the plaintiffs' continued residence or desire to reside in the private defendants' apartments. Plaintiffs no longer reside in the apartments nor have they alleged that they would return to the apartments. Plaintiffs have not claimed any right to damages for their unlawful eviction. Instead, plaintiffs have asked only to declare illegal and enjoin the discriminatory practices of the private defendants with respect to their apartment leases. If declaratory relief or an injunction were to be granted, it would have no effect on the individual plaintiffs since they no longer live in the apartments nor are they seeking readmission. *See Rupe v. Fourman,* 532 F.Supp. 344, 348–49 (S.D.Ohio 1981). The individual plaintiffs no longer have a personal stake in the outcome of the litigation. *See, e.g., United States Parole Commission v. Geraghty, supra,* 445 U.S. at 396–97, 100 S.Ct. at 1208–09. A decision on the merits in this case would not involve "an adjudication of present right upon established facts." *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 242, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). Rather, our decision would answer the hypothetical question of whether the disputed policy constitutes unlawful discrimination. *See Backus v. Baptist Medical Center, supra,* 671 F.2d at 1103.

■ The standing of Freedom of Residence to sue the defendants must be examined separately. An association may have standing in its own right to seek judicial relief from injuries to the association. *See Warth v. Seldin,* 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343 (1975). Additionally, an association may have standing solely as the representative of its members. *See id.; N.A.A.C.P. v. Alabama,* 357 U.S. 449, 458–60, 78 S.Ct. 1163, 1169–71, 2 L.Ed.2d 1488 (1958).

In this case, there is no direct and palpable injury to the association itself. Thus, the association's standing must arise in its capacity as a representative of its members. In *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977), the Supreme Court summarized the requirements of representational standing where the organizational plaintiff has not itself suffered injury:

> [W]e have recognized that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Id.* at 343, 97 S.Ct. at 2441. In order to satisfy requirement (a) "[t]he association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit." *Warth v. Seldin, supra,* 422 U.S. at 511, 95 S.Ct. at 2211.

The association has not met the first requirement; it has not shown that its members would have standing to sue in their own right. The association has alleged the following with respect to the injury suffered by its members:

> FREEDOM OF RESIDENCE members include individuals and families who have been and are now subject to unlawful child discrimination by the owners of rental developments with federally insured mortgages and who have been and will continue to be injured by these unlawful practices because of federal defendant DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT's failure to enforce its statutory obligations to prevent such discrimination.

The association alleges only that its members have been subject generally to discrimination by owners of rental developments with federally insured mortgages. The association has not alleged that any of its members are now subject to unlawful discrimination against families with children by any of the private defendants in this suit. Apart from the individual plaintiffs who have moved out of their apartments, and whose claims are now moot, there is no allegation that any of the association's members desire specifically to live in the private defendants' apartments but are currently prohibited from doing so because of the disputed policy. The association has not alleged facts sufficient to establish its associational standing to sue the private defendants on behalf of its members. We do not decide the issue of the association's standing to sue the federal defendants.

Accordingly, because we believe that the individual plaintiffs' claims for declaratory and injunctive relief are moot and that the associational plaintiff does not have standing to sue the private defendants, we affirm the district court's dismissal.

Affirmed.