**Tammie McFARLIN; Pinkey McFarlin, as Next Friends of Christy Hardaway, a Minor, Appellants,**

**v.**

**NEWPORT SPECIAL SCHOOL DISTRICT, A Public Body Corporate; Steve Castleberry, In His Official Capacity as Superintendent of Schools of the Newport Special School District, A Public Body Corporate; Dr. Michael**

Brown; Clay Curtner; William Hayes; Dr. Jabez Jackson, Jr.; Dr. Timothy Watson; Loys Rutledge; Dennis Haidwood, In Their Official Capacities as Members of the Board of Directors of the Newport Special School District; Tippi McCullough, Individually and In Her Official Capacity of Senior Girls Basketball Coach of the Newport High School; Floyd B. Parnell, Individually and In His Official Capacity as Principal of the Newport High School, Appellees.

No. 92–1570.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1992.

Decided Dec. 3, 1992.

John W. Walker and Austin Porter, Jr., Little Rock, Ark., for appellants.

W. Paul Blume, Little Rock, Ark., for appellees.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

MAGILL, Circuit Judge.

This is an appeal from an order of the district court denying a temporary restraining order and preliminary injunction, 784 F.Supp. 589 (E.D.Ark.1992). The McFarlins brought this action as parents and next friends of their minor daughter, Christy Hardaway. The complaint alleges that the defendants deprived Christy of her rights to due process and equal protection in violation of the Fourteenth Amendment and 42 U.S.C. § 1983, by removing her from the Newport High School basketball team without providing a hearing. Because this court finds that the injunctive relief sought has been mooted by Christy's graduation from high school, we vacate the district court's order denying preliminary relief on the merits and remand with instructions to enter an order denying the preliminary relief as moot. We also remand for further proceedings on the substantive elements of the complaint.

### I.

At the time this complaint was filed on January 31, 1992, Christy Hardaway was a twelfth grade student at Newport High School. Christy was an outstanding high school athlete who excelled in basketball and track. According to the complaint, officials at Newport High School banned Christy from participating on the girls' basketball team during the 1991–92 season.

Hardaway's parents, the McFarlins, brought this case on behalf of themselves and their daughter and sought three things. First, the McFarlins challenged the method of election for members of the school board for the Newport Special School District. They claimed that the existing method violated their rights under the Voting Rights Act, 42 U.S.C. § 1973(a) and (b). This issue has not yet been litigated in the district court and accordingly it is not addressed in this appeal. Second, the McFarlins, as next friend to Christy, asked the court to issue a temporary restraining order and a preliminary injunction to enjoin school officials from carrying out the decision to ban Christy from the basketball team. Third, they sought damages against the defendants for the deprivation of Christy's constitutional rights.

The district court denied preliminary relief on the ground that a student has no protected property interest in continued participation on the basketball team. Therefore, Christy was not entitled to procedural due process safeguards. The court held that a student's interest in participating in interscholastic athletics is a mere expectation and not a constitutionally protected claim of entitlement.

The McFarlins brought this appeal from the final order denying their motions for a temporary restraining order and preliminary injunction.

### II.

In order for a federal court to hear a case, there must be a definite and concrete controversy involving adverse legal interests at every stage in the litigation. *Carson v. Pierce*, 719 F.2d 931, 933 (8th Cir.1983). The controversy must be one for which the court can grant specific and conclusive relief. *Id.* Through the passage of time and the occurrence of irrevocable events, disputes may disappear so that federal courts no longer can grant effective relief. *See T.L.J. v. Webster*, 792 F.2d 734, 738 (8th Cir.1986); *Flittie v. Erickson*, 724 F.2d 80, 81 (8th Cir.1983); *see also Police Retirement Sys. v. Midwest Inv. Advisory Serv., Inc.*, 940 F.2d 351, 356 (8th Cir.1991) (case is moot when decision of court would not have any real effect).

Christy Hardaway has since graduated from Newport High School. This court is simply unable to grant any effective preliminary relief for her. The court cannot place her back on the basketball team. This case is not a class action; therefore, the plaintiffs may not proceed as representatives of a class. *See Sosna v.*

*Iowa,* 419 U.S. 393, 401–02, 95 S.Ct. 553, 558, 42 L.Ed.2d 532 (1975). The issue on appeal, the denial of preliminary relief, is therefore moot.

■■■ Our conclusion that this issue is moot is not altered by the concept of "capable of repetition, yet evading review." This doctrine applies if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam); *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam). This doctrine does not apply when the issue might recur in someone else's case, but not the plaintiff's. *Heles v. South Dakota,* 682 F.2d 201, 202 (8th Cir.1982). For the doctrine to apply, the plaintiff must demonstrate a reasonable expectation that the event complained of will recur. *Gay & Lesbian Students Ass'n v. Gohn,* 850 F.2d 361, 365 (8th Cir.1988). A mere "physical or theoretical possibility" is insufficient; a "demonstrated probability" must be shown. *Murphy,* 455 U.S. at 478, 102 S.Ct. at 1181; *Weinstein,* 423 U.S. at 147, 96 S.Ct. at 347.

The plaintiffs in this case assert that this doctrine applies because they have another daughter in the same school who could be subject to the same conduct. They cite *Steele v. Van Buren Pub. Sch. Dist.,* 845 F.2d 1492 (8th Cir.1988), in support of this argument. This case, however, is readily distinguishable.

In *Steele,* the action was brought on behalf of three minor children. This action was brought only on behalf of one child and the event complained of is not capable of repetition to her. Unlike *Steele,* in which the activity complained of was continuous and affected many students, in this case, the offending action was one isolated instance affecting only one student. It is entirely speculative to suggest that the McFarlins' other daughter would be subjected to a similar situation. The McFarlins have not met their burden of showing a reasonable probability that the same thing will happen to their other daughter.

■■■ Furthermore, in *Steele,* the mother, as next friend, sought to protect her personal right to have her children educated in public schools free of religious practices. Prior to *Steele,* courts had clearly established that parents have such an interest. *See Steele,* 845 F.2d at 1495. In this case, the McFarlins are asserting the right of their daughter, Christy, to be afforded due process and equal protection. They do not seek to protect their rights as parents. Even if they did, there is no clearly established right of parents to have their children compete in interscholastic athletics. Accordingly, we hold that the "capable of repetition, yet evading review" doctrine does not apply.

Although this case is moot as far as the preliminary relief is concerned, this case is not disposed of entirely. The McFarlins still may advance their challenge to the voting procedures for the school board election at the district court. Additionally, they may advance the damages claim on behalf of their daughter against the defendants for allegedly depriving Christy of civil rights. The issue of damages continues to present a live controversy which may be litigated in the district court. *Hanson v. Clarke County, Iowa,* 867 F.2d 1115, 1119 (8th Cir.1989). Because we have decided that the specific controversy regarding preliminary relief is moot, and because this court lacks jurisdiction to consider the substantive elements of moot issues, this court does not consider the merits of the district court's denial of relief. *See Powell v. McCormack,* 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 1950 n. 7, 23 L.Ed.2d 491 (1969); *Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968).

III.

For the foregoing reasons, we vacate the district court's order denying preliminary relief on the merits and we remand with instructions to enter an order denying the relief as moot. The action for damages

based on the alleged violation of Christy's civil rights and the McFarlins' challenge to the method of election may proceed in the district court without prejudice.