49 F.3d 1321
 Roxie ENGLE, Appellee/Cross-Appellant,
v.
Eugene TOWNSLEY, in his individual and in his official
capacity as employee and/or commissioner of the Batesville
Wastewater Utility Commission; Larry Tharnish, in his
individual and official capacity as employee and/or
commissioner of the Batesville Wastewater Utility
Commission; Stanley Wood, Jr., in his individual and
official capacity as employee and/or commissioner of the
Batesville Wastewater Utility Commission; Mike Shetron, in
his official capacity as employee and/or commissioner of the
Batesville Wastewater Utility Commission; Boris Dover, in
his official capacity as employee and/or commissioner of the
Batesville Wastewater Utility Commission; Jim Whitson, in
his official capacity as employee and/or commissioner of the
Batesville Wastewater Utility Commission; Sam Cooke, in his
individual and in his official capacity as employee and/or
commissioner of the Batesville Wastewater Utility
Commission; City of Batesville, AR; Gerald Gaither, in his
official capacity as employee and/or commissioner of the
Batesville Wastewater Utility Commission, Appellants/Cross-Appellees.
 Nos. 94-2713, 94-2978.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 9, 1995.
Decided March 7, 1995.
 
 Mark R. Hayes, North Little Rock, AR, argued (Jerry C. Post and Eric C. Hance of Batesville, AR, on the brief), for appellant.
 Richard W. Roachell, Little Rock, AR, argued, for appellee.
 Before RICHARD S. ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and MURPHY, Circuit Judge.
 DIANE E. MURPHY, Circuit Judge.
 
 
 1
 In this case Roxie Engle claims that her first amendment and due process rights were violated when she was terminated from employment as a lab technician for the Batesville Water Utility. She sued, under 42 U.S.C. Sec. 1983, her former supervisors, Eugene Townsley and Larry Tharnish, the Batesville Wastewater Utility Commission, and the City of Batesville. Defendants moved for summary judgment, and the district court[1] dismissed Engle's due process claim, but denied the motion as to her first amendment retaliatory discharge claim, several pendent state claims and the defense of qualified immunity. We limit our interlocutory review to the appeal from the denial of qualified immunity to Townsley and Tharnish, the only remaining defendants sued in their individual capacity.[2]
 
 
 2
 Roxie Engle was employed for approximately thirteen years by the Batesville Water Utility Commission as a lab technician in a wastewater plant. During her employment, Eugene Townsley served as superintendent of the Commission and Larry Tharnish served as its water utilities manager. On May 22, 1991, Engle's employment was terminated by Townsley. Following a request for an explanation, Townsley informed Engle in writing on May 30, 1991 that she had been fired for an irregularity in her testing procedure.
 
 
 3
 Engle asserts that she was actually fired in retaliation for complaints that she had filed with the Arkansas Department of Pollution Control and Ecology (the Department). On February 18, 1990, Engle had contacted Dale Washam, a field inspector for the Department, and reported various discrepancies in the operation of the plant. Her complaint resulted in an investigation which uncovered pollution permit violations. Engle also claims to have filed several other complaints during 1990, including one that led to an investigation and resulted in a fine being assessed against the Commission by the Environmental Protection Agency.
 
 
 4
 Townsley and Tharnish assert that they are entitled to qualified immunity on Engle's first amendment claim because she was terminated for improper testing procedures rather than for any other conduct and they did not even know about her complaints at the time. They claim that Engle sometimes used more than one bottle labelled with the same identification number in quality control tests and that this practice could and did lead to confusion of the results. Plaintiff admits that she sometimes used more than one bottle with the same number, but claims that Townsley and Tharnish knew and approved of the practice.
 
 
 5
 Public officials are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 57 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Immunity serves the public interest by avoiding the social costs of subjecting public officials to the burdens of litigation on insubstantial claims. Id. at 814, 102 S.Ct. at 2736. Accordingly, it provides the official with immunity from suit rather than merely a defense to liability. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). To further the public interest, denial of qualified immunity to a government official is immediately appealable. Id. at 530, 105 S.Ct. at 2817. Whether an official should be granted qualified immunity for particular conduct is a question of law. Id. at 528, 105 S.Ct. at 2816.
 
 
 6
 Not every immunity question can be decided on summary judgment, however, for there may be disputed issues of material fact which prevent it. Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Whether a reasonable person would know that particular conduct violates a clearly established right may, for example, depend on the resolution of conflicting evidence about what the surrounding circumstances were at the time the official took the challenged action. Id. If the factual circumstances are material to the qualified immunity analysis and remain disputed after initial discovery, see id. at 646 n. 6, 107 S.Ct. at 3042 n. 6, the issue cannot be resolved as a matter of law. The test is one of "objective legal reasonableness" of the action "assessed in light of the legal rules that were 'clearly established' at the time it was taken." Id. at 637, 107 S.Ct. at 3037 (quoting Harlow, 457 U.S. at 818-19, 102 S.Ct. at 2738).
 
 
 7
 The law is clearly established that the discharge of a public employee in retaliation for the exercise of first amendment rights violates the constitution. Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 286-87, 97 S.Ct. 568, 575-76, 50 L.Ed.2d 471 (1977). Townsley and Tharnish admit that Engle's complaints to the state agency may have been protected conduct, but assert that she has not raised an issue of fact whether they were a "substantial or motivating factor" in her termination. If Townsley and Tharnish did not know or have reason to know that she was the source of the complaints, her discharge would not have violated her clearly established first amendment rights for it would not have been taken in retaliation. The evidence as to their knowledge is in conflict.
 
 
 8
 Engle's evidence tends to show that on February 18, 1990, she made a complaint to Dale Washam at the Department about discharge filters being bypassed. This complaint led to an investigation of the plant. She made a second complaint later in 1990. In the fall of 1990 she made a third complaint about the plant's failure to implement and enforce a pre-treatment program for industry monitoring. This complaint led to an investigation of the plant beginning in December 1990 which resulted in significant fines.
 
 
 9
 There is evidence to support Engle's position that Townsley and Tharnish knew that she had been the source of the complaints. Both were aware that the February investigation of the plant was based on a private complaint. In February, Townsley told Washam that the city was having a personnel problem which might be the source of the complaint. When Townsley was questioned about who was likely the complainant, he named a golf course employee and explained that "[h]e and Ms. Engle were good friends." Moreover, the complaints were technical in nature, and Engle had access to technical information. Washam states that he suspected Townsley and Tharnish would figure out who had made the complaint because "[Engle] would know more about the lab work and the plant than ... anybody else...." Supp.App. at A-54.
 
 
 10
 The record also contains evidence that Engle had complained to co-workers and other supervisory people about environmental rules and regulations being violated at the plant. For example, she had complained about, and to, Townsley and Tharnish. Engle states in her deposition that Townsley had, on several occasions, asked her to falsify reports and that she mentioned this to Tharnish during a telephone conversation. She claims that Tharnish indicated that "it would be to [her] best interest to work things out with [Townsley] ... and do whatever [he] told [her] to do." Supp.App. at A-16.
 
 
 11
 In this case, the objective determination whether a reasonable official would have believed that Engle's termination was lawful in light of clearly established first amendment law depends on the factual circumstances of the firing. See Anderson, 483 U.S. at 642, 107 S.Ct. at 3040. Townsley and Tharnish contend that they had no knowledge who had made the complaints and that Engle would have been fired in any event for using more than one bottle with the same number during her tests. Were this evidence undisputed, they could be entitled to qualified immunity as a matter of law. There is, however, conflicting evidence in the record on these issues. If Engle's evidence were believed, and all the inferences were viewed in the light most favorable to her, a reasonable fact finder could infer that both Townsley and Tharnish knew she had made complaints about violations at the plant and were motivated by that knowledge when she was terminated. A reasonable official would have known that firing Engle in such circumstances would violate her clearly established first amendment rights.
 
 
 12
 Accordingly, we affirm the district court's denial of the motion for summary judgment on the basis of qualified immunity. We dismiss as premature the appeals from the other rulings of the district court.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The appeals by both sides from the other rulings of the district court are dismissed as premature