68 F.3d 478
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
David BALDWIN; Kevin Fenimore, Appellees,
v.
James CHANDLER, in his individual and official capacity as
officer of the City of Little Rock Police Department;
Michael Durham, in his individual and official capacity as
officer of the City of Little Rock Police; Steve Moore, in
his individual and official capacity as officer of the City
of Little Rock Police Department; Keith Nicholas, in his
individual and official capacity as officer of the City of
Little Rock Police Department; Randy Reaves, individually
and in his official capacity as officer of the City of
Little Rock Police Department; Ronnie Smith, individually
and in his official capacity as officer of the City of
Little Rock Police Department; William Yeager, individually
and in his official capacity as officer of the City of
Little Rock Police Department; John Doe, Unknown Police
Officer and Detective of the City of Little Rock Police
Department in his individual and official capacity; Richard
Roe, Unknown Police Officer and Detective of the City of
Little Rock Police Department in his individual and official
capacity; City of Little Rock; Al Dawson, individually and
in his official capacity as officer of the City of Little
Rock Police Department, Appellants.
 No. 95-1693.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 18, 1995.
Filed Oct. 20, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants[1] take this interlocutory appeal from the district court's[2] order denying them qualified immunity in David Baldwin's and Kevin Fenimore's (Plaintiffs) 42 U.S.C. Sec. 1983 action. For the reasons set forth below, we affirm.
 
 
 2
 In the evening of July 29, 1993, Chris Miller was murdered, and Joe Fredericks battered, by "three white males" that they had met at Boyle Park in Little Rock. On August 11, plaintiffs and James Alexander were arrested and charged with capital murder, battery, and aggravated robbery for the attack on Miller and Fredericks. Approximately one month later, an order of nolle prosequi was entered on behalf of plaintiffs and Alexander. Plaintiffs then filed this section 1983 action alleging their constitutional rights had been violated when defendants falsely arrested them.
 
 
 3
 Defendants moved for summary judgment asserting that they had probable cause to arrest plaintiffs, or alternatively, that they were entitled to qualified immunity, and plaintiffs responded. Defendants appeal from the district court's denial of their motion.
 
 
 4
 "The denial of a motion for summary judgment based on qualified immunity is immediately appealable." Reece v. Groose, 60 F.3d 487, 489 (8th Cir.1995). While we may examine the facts as known to defendants to determine whether their actions violated clearly established law, we lack jurisdiction to review the merits of the district court's denial of summary judgment on the issue of whether probable cause existed. See id. (no appellate jurisdiction to examine question "separate and distinct from the qualified-immunity issue"); see also Johnson v. Jones, 115 S.Ct. 2151, 2156-58 (1995).
 
 
 5
 "Qualified immunity shields government officials from civil lawsuits when 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Reece, 60 F.3d at 491 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1992)). In deciding whether an official is entitled to qualified immunity, we "must determine whether the official's action was objectively legally reasonable in light of the rules that were clearly established at the time the action occurred." Cole v. Bone, 993 F.2d 1328, 1332 (8th Cir.1993). Assuming, for purposes of this appeal only, that defendants did not have probable cause to arrest plaintiffs, defendants would be entitled to qualified immunity "if, in light of clearly established law and the information known to [them], a reasonable officer could have believed the arrests were supported by probable cause." Peterson v. City of Plymouth, 60 F.3d 469, 473-74 (8th Cir.1995). Probable cause exists if, at the time of arrest, the police officer has knowledge or reasonably trustworthy information of facts and circumstances sufficient to justify a reasonable belief that the accused committed an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964).
 
 
 6
 After de novo review, we conclude that the district court properly denied defendants summary judgment based on qualified immunity as to both plaintiffs. See Arnott v. Mataya, 995 F.2d 121, 124 (8th Cir.1993) (holding denial of qualified immunity proper where court could not determine what predicate facts existed to decide whether conduct clearly violated established law and where plaintiff's version of facts suggested plaintiff's arrest clearly violated established law); see also Engle v. Townsley, 49 F.3d 1321, 1323 (8th Cir.1995) (holding qualified immunity cannot be decided when material facts are disputed).
 
 
 7
 The evidence, viewed in the light most favorable to plaintiffs, indicates defendants obtained a confession from Baldwin through threats, coercion, and suggestive questioning methods. Excluding Baldwin's inculpatory statements, the only other evidence known to defendants that linked plaintiffs to the crime was that plaintiffs were in Boyle Park and at a nearby motel the night of the murder, and that a stolen truck defendants believed to be driven by the assailants was found near Baldwin's mother's home. This circumstantial evidence, however, was countered with undisputed evidence showing defendants knew that Baldwin had recanted his confession, that Fredericks had stated plaintiffs were not the assailants and Baldwin's description of the crime was inaccurate, and that the fingerprints found at the crime scene did not match Alexander or either plaintiff. Under these circumstances, we conclude defendants could not have reasonably believed they had probable cause to arrest plaintiffs. Cf. United States v. Chapman, 902 F.2d 1331, 1332 (8th Cir.1990) (probable cause to arrest defendant existed based on co-defendant's valid confession implicating him in crime); Clay v. Conlee, 815 F.2d 1164, 1166-68 (8th Cir.1987) (probable cause to arrest defendant existed, even in light of some countervailing evidence, where rape victim positively identified defendant as alleged assailant).
 
 
 8
 The judgment is affirmed.
 
 
 
 [1]
 We dismiss the City of Little Rock as a party to this interlocutory appeal. See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 113 S.Ct. 1160, 1162 (1993) (municipality may not assert qualified immunity defense); Lloyd v. Housing Auth. of Kirksville, 58 F.3d 398, 400 (8th Cir.1995) (dismissing interlocutory appeal of denial of summary judgment to housing authority, which could not assert qualified immunity defense)
 
 
 [2]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas