# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————————

No. 98-1923EA

———————————

Jane Kauffman,                                    *
                                                 *
                    Appellee,                     *
                                                 *
        v.                                        *
                                                 *
Dawn McVay, Individually and in her              *    Appeal from the United States
former position as area parole                   *    District Court for the Eastern
supervisor for the Arkansas Department           *    District of Arkansas.
of Correction; G. David Guntharp,                *
Individually and in his former position          *        [UNPUBLISHED]
as assistant director of the Arkansas            *
Department of Correction for Field               *
Services,                                        *
                                                 *
                    Appellants.                   *

———————————

Submitted:  November 20, 1998
    Filed:  November 27, 1998

———————————

Before RICHARD S. ARNOLD, FAGG, and HALL,* Circuit Judges.

———————————

PER CURIAM.

————————————————

   *The Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth
Circuit, sitting by designation.

Jane Kauffman served as a parole officer for the Arkansas Department of Correction (ADC). Following several sub-par reviews, Kauffman's ADC supervisors, Dawn McVay and G. David Guntharp (the supervisors), terminated Kauffman's employment. Claiming she was terminated because she commented on the ADC's discriminatory hiring practices, Kauffman brought this 42 U.S.C. § 1983 action, contending the supervisors violated her First Amendment rights. The district court denied the supervisors' motion for summary judgment based on qualified immunity, and the supervisors appeal. See Allison v. Department of Corrections, 94 F.3d 494, 496 (8th Cir. 1996). We affirm.

We review the district court's denial of qualified immunity de novo, and like the district court we view all the facts in a light most favorable to Kauffman and give her all reasonable inferences from the evidence. See Burnham v. Ianni, 119 F.3d 668, 673 (8th Cir. 1997) (en banc). Summary judgment is inappropriate if genuine issues of material fact are in dispute. See Engle v. Townsley, 49 F.3d 1321, 1323 (8th Cir. 1995). The supervisors are entitled to qualified immunity unless their conduct violated a clearly established constitutional right of which a reasonable person would have known. See id. at 1322-23. It is clearly established that a public employer cannot discharge an employee if the discharge infringes on the employee's constitutionally protected right to free speech. See Kincade v. City of Blue Springs, 64 F.3d 389, 395 (8th Cir. 1995). For the purposes of this appeal, the supervisors assume Kauffman made protected statements, but nevertheless, the supervisors claim they did not violate Kauffman's interest in freedom of speech because any reasonable decisionmaker would have terminated Kauffman's employment based on her performance record. Kauffman presented conflicting evidence, however, that other ADC employees with similar performance records remained employed with the ADC. The district court concluded a genuine issue of material fact existed about whether Kauffman's termination was lawful under clearly established First Amendment law, and denied the supervisors' summary judgment motion. See Engle, 49 F.3d at 1324. Having reviewed the record, we conclude the district court's ruling was correct and affirm.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.