Irene C. LLOYD, Appellee,

v.

HOUSING AUTHORITY OF the CITY OF KIRKSVILLE, a municipal corporation; Sue Hamilton, also known as Sue Wolf, individually and in her capacity as Executive Director of the Housing Authority of the City of Kirksville, Appellants.

No. 94–2068.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1994.

Decided July 6, 1995.

Kristin F. Whittle, St. Louis, MO, argued (Steven W. Garrett, on the brief), for appellants.

Roger L. Mark, Hannibal, MO, argued (Kim Savage, Los Angeles, CA, on the brief), for appellee.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

Irene C. Lloyd is a handicapped woman who resides in a federally funded public housing complex for low-income elderly, disabled, and handicapped tenants. The housing complex is operated by the Housing Authority of the City of Kirksville (Housing Authority). Against Lloyd's wishes, the Housing Authority's executive director, Sue Hamilton, transferred Lloyd from a two-bedroom to a one-bedroom apartment in the complex shortly after the death of Lloyd's husband. Hamilton asserts she transferred Lloyd because Lloyd was living alone, and the Housing Authority's occupancy policies require a family to have at least two members to qualify for a two-bedroom apartment. Lloyd then brought this lawsuit challenging the transfer, and in due course, Hamilton and the Housing Authority moved for summary judgment on Lloyd's claims. When the district court denied their motion, Hamilton and the Housing Authority immediately appealed. We affirm in part, dismiss in part for lack of jurisdiction, and remand for further proceedings.

■ Hamilton contends she is entitled to qualified immunity because a reasonable official in her position would have believed Lloyd's transfer from a two-bedroom to a one-bedroom apartment based on Lloyd's changed family composition was lawful in light of clearly established law. *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Hummel–Jones v. Strope,* 25 F.3d 647, 652 (8th Cir.1994). Lloyd responds that by refusing to let her remain in the two-bedroom apartment, Hamilton unlawfully failed to make a reasonable accommodation for Lloyd's handicap. At the time of Lloyd's transfer, section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a) (Supp. V 1993), required individuals administering federally funded programs to make reasonable accommodations in their policies and procedures when necessary to allow handicapped people meaningful access to the programs. *Alexander v. Choate,* 469 U.S. 287, 299–301, 105 S.Ct. 712, 719–720, 83 L.Ed.2d 661 (1985); 24 C.F.R. § 8.33 (implementing Rehabilitation Act). Similarly, the Fair Housing Amendments Act required reason-

able accommodations in housing rules, policies, practices, and services when necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling. *See* 42 U.S.C. § 3604(f)(3)(B) (1988); *Shapiro v. Cadman Towers, Inc.,* 51 F.3d 328, 333 (2d Cir.1995); *United States v. California Mobile Home Park Management Co.,* 29 F.3d 1413, 1416–17 (9th Cir.1994). Of course, the application of these principles to Hamilton's qualified immunity appeal depends on the factual circumstances of Lloyd's transfer.

Most of the relevant facts about the transfer are undisputed. Lloyd is confined to a wheelchair and requires assistance with her daily activities, such as bathing. For many years Lloyd shared a two-bedroom apartment in the housing complex with her husband, and he took care of her. After Mr. Lloyd died, Hamilton explained to Lloyd that because Lloyd no longer had another person living with her, the Housing Authority's occupancy policies required her to move to a one-bedroom apartment. Hamilton offered to let Lloyd remain in the two-bedroom apartment, however, if Lloyd needed to hire a live-in assistant because of her handicap. All Hamilton required was that Lloyd give Hamilton a doctor's note verifying Lloyd's need for live-in care.

The parties disagree about when Lloyd provided the required doctor's note to Hamilton, and this disputed factual issue is key in determining whether Hamilton reasonably would have believed transferring Lloyd was lawful. According to Hamilton, Lloyd agreed to bring her a doctor's note if Lloyd needed to remain in the two-bedroom apartment, but Lloyd did not give Hamilton a doctor's note until about a year after Hamilton transferred Lloyd to the one-bedroom apartment. When Hamilton received the doctor's note, she moved Lloyd back into her original two-bedroom apartment. Were Hamilton's evidence undisputed, Hamilton would be entitled to qualified immunity as a matter of law. On the other hand, if Lloyd's assertions are true, Hamilton agreed to accommodate Lloyd but failed to do so. Lloyd claims that on the same day Hamilton first told Lloyd to bring her a doctor's note, Lloyd's daughter gave Hamilton a note from Lloyd's doctor confirming that Lloyd needed to stay in the two-bedroom apartment and hire a live-in assistant because of her handicap. According to Lloyd, Hamilton forced Lloyd to move anyway. Because Hamilton's right to qualified immunity depends on the resolution of conflicting evidence about the circumstances surrounding Lloyd's transfer, we cannot decide the qualified immunity issue on summary judgment. *See Engle v. Townsley,* 49 F.3d 1321, 1323–24 (8th Cir. 1995).

Turning to the Housing Authority's appeal, we dismiss for lack of jurisdiction. *Swint v. Chambers County Comm'n,* —— U.S. ——, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). District court orders denying summary judgment are not immediately appealable unless the appealing party raises a qualified immunity defense, *see id.* at —— – ——, 115 S.Ct. at 1207–08; *Sellers v. Baer,* 28 F.3d 895, 903 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 739, 130 L.Ed.2d 641 (1995), and the qualified immunity defense is not available to the Housing Authority. Further, the Housing Authority's brief does not suggest any basis for us to exercise jurisdiction over the Housing Authority's appeal, either by treating the district court's order denying summary judgment as an appealable collateral order, *see Swint,* —— U.S. at ——, 115 S.Ct. at 1207, or by assuming jurisdiction pendent to our unquestioned jurisdiction to review Hamilton's qualified immunity claim, *id.* at ——, 115 S.Ct. at 1212.

We thus affirm the district court's denial of summary judgment to Hamilton, dismiss the Housing Authority's appeal for lack of jurisdiction, and remand for further proceedings.