# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1262
_____

David Anthony Stebbins

*Plaintiff - Appellant*

v.

Harp & Associates, LLC, also known as Harp & Associates Real Estate Services

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Arkansas - Harrison
_____

Submitted: July 30, 2013
Filed: August 15, 2013
[Unpublished]
_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

David Stebbins filed a complaint in federal court claiming that Harp & Associates, LLC (Harp), engaged in unlawful discrimination by pursuing an eviction

proceeding and an unlawful-detainer action against him in state court. The district court[1] dismissed his complaint, and Stebbins appeals.

As an initial matter, we conclude there was no Rooker-Feldman[2] bar to the district court's exercise of subject matter jurisdiction. See Dornheim v. Sholes, 430 F.3d 919, 923-24 (8th Cir. 2005) (Rooker-Feldman doctrine applies only when federal suit is filed after completion of state-court action). Turning to the merits, we hold that even if Stebbins alleged a prima facie case of disability discrimination under the Rehabilitation Act and the Fair Housing Act (FHA) regarding Harp's first attempt to evict him, his claims were rendered moot when he successfully prevented the eviction in state court. See Carson v. Pierce, 719 F.2d 931, 933 (8th Cir. 1983) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); see also Radecki v. Joura, 114 F.3d 115, 116 (8th Cir. 1997) (per curiam) (framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to FHA claims); Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir. 1994) (McDonnell Douglas framework applies to Rehabilitation Act claims).

Regarding Harp's unlawful-detainer action, again assuming Stebbins stated a prima facie case, we conclude the face of his complaint revealed a legitimate reason for Harp to seek his eviction: after his apartment lease expired on June 30 and Harp decided not to renew it, Stebbins remained in the apartment for over two months. See Ark. Code § 18-60-304(1) (person is guilty of unlawful detainer if he holds over any

---

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas.

[2]See D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).

tenement after determination of time for which it was demised or let to him). Furthermore, Stebbins alleged nothing but his own speculation as to whether that reason was pretext for disability discrimination.  See Green v. Franklin Nat'l Bank of Minneapolis, 459 F.3d 903, 917 (8th Cir. 2006) (plaintiff's discrimination claim failed when her evidence of pretext was "entirely speculative").

We therefore conclude that the complaint was subject to dismissal for failure to state a claim.  See Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 934 (8th Cir. 2012) (court of appeals may affirm Fed. R. Civ. P. 12(b)(6) dismissal on any ground supported by record).  Accordingly, we affirm.  See 8th Cir. R. 47B.

_____