Citation Nr: 1518731 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 09-03 550 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for depression.

2. Entitlement to service connection for posttraumatic stress disorder (PTSD).

3. Entitlement to service connection for a right shoulder disability, to include as secondary to a service-connected thoracolumbar spine disability.

4. Entitlement to service connection for a cervical spine disability, to include as secondary to a service-connected thoracolumbar spine disability.

5. Entitlement to service connection for cystitis, to include as secondary to service-connected prostatitis. 


REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

M. Moore, Counsel


INTRODUCTION

The Veteran served on active duty from September 1974 to September 1976 and April 1982 to April 1985. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from February 2007 and October 2014 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois. The Board remanded the service connection claims September 2012 and June 2014.

In an October 2014 rating decision, the Agency of Original Jurisdiction (AOJ) granted service connection for irritable bowel syndrome (IBS). This grant of service connection is considered to be a full grant of the benefits on appeal for the IBS claim. This claim is no longer before the Board. See generally Grantham v. Brown, 114 F.3d 115 (Fed. Cir. 1997); Barrera v. Gober, 122 F.3d 1030 (Fed. Cir. 1997). 

The Board notes that the RO adjudicated the depression claim as a service connection claim without addressing whether new and material evidence had been submitted. Despite the RO's actions, the Board must consider whether new and material evidence has been submitted to reopen this claim before taking jurisdiction over the underlying service connection claim. See Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996) and VAOPGCPREC 05-92. The issues have been recharacterized above.

The issues of service connection for an acquired psychiatric disorder other than PTSD, a right shoulder disability, a cervical spine disability, and cystitis are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action on his part is required.


FINDINGS OF FACT

1. The Board denied the Veteran's claim of entitlement to service connection for depression in October 1998 on the basis that there was no competent evidence linking his diagnosed depressive disorder and his active service; the Veteran was properly informed of the adverse decision.

2. Evidence submitted subsequent to the Board's October 1998 decision bears directly and substantially upon the specific matter under consideration, is not cumulative or redundant, and in connection with evidence previously assembled raises a reasonable possibility of substantiating the claim of entitlement to service connection for depression.

3. A preponderance of the evidence fails to establish that the Veteran currently has PTSD or had such at any time during the appeal period.


CONCLUSIONS OF LAW

1. The Board's October 1998 decision denying the Veteran's claim of entitlement to service connection for depression is final. 38 U.S.C.A. § 7266 (West 2002 & Supp. 2011); 38 C.F.R. §§ 20.1100, 20.1104 (2014).

2. New and material evidence sufficient to reopen the Veteran's claim of entitlement to service connection for depression has been submitted. 38 U.S.C.A. § 5108 (West 2002 & Supp. 2011); 38 C.F.R. § 3.156(a) (2014).

3. PTSD was not incurred in or aggravated by active military service. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.304 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board has thoroughly reviewed all the evidence in the Veteran's claims file. While the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the evidence submitted by the Veteran or on his behalf. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The Veteran must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the Veteran).

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence which it finds to be persuasive or unpersuasive, and providing reasons for rejecting any evidence favorable to the Veteran. Equal weight is not accorded to each piece of evidence contained in the record; every item of evidence does not have the same probative value. When all the evidence is assembled, the Board is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

I. Duties to Notify and Assist

VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a) (2014).

With regard to the application to reopen the previously denied claim for service connection for depression, this application has been granted. Any error related to the duties to notify and assist is moot for this issue. 

With regard to the PTSD claim, neither the Veteran nor his representative has alleged prejudice with respect to notice, as is required. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009). None is found by the Board. March 2006 letters provided all required notice elements, including what evidence VA would seek to obtain and what evidence the Veteran was expected to provide, what was required to establish service connection, and information regarding disability ratings and effective dates. 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b) (2014); Dingess v. Nicholson, 19 Vet. App. 473 (2006); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

VA's duty to assist has also been satisfied. The Veteran's service treatment records, Social Security Administration (SSA) records, VA treatment records, and VA examination reports have been associated with the claims file. Identified private treatment records have been obtained. The Veteran has not identified any outstanding relevant private or other treatment records. 

The Veteran was afforded a VA psychiatric examination in August 2014. The examination involved a review of the claims file, a thorough examination of the Veteran, consideration of the Veteran's lay statements/history, and conclusions that were supported by sufficient rationale. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (affirming that a medical opinion is adequate if it provides sufficient detail so that the Board can perform a fully informed evaluation of the claim). 

The Board remanded the PTSD claim in September 2012 and June 2014 for additional evidentiary development including obtaining outstanding VA and private treatment records and SSA records, attempting to verify the Veteran's claimed stressors, and scheduling him for a VA examination should the stressors be verified. The AOJ obtained updated VA treatment records and SSA records. The Veteran did not identify any outstanding private treatment records relating to his PTSD. The AOJ also attempted to verify the Veteran's claimed stressors and notified him of its inability to do so in an October 2014 Formal Finding. Moreover, as the Board has concluded below that the Veteran has not been diagnosed with PTSD, any verification of stressors would not help substantiate his claim. Accordingly, all remand instructions issued by the Board have been substantially complied with and this matter is once again before the Board. See Stegall v. West, 11 Vet. App. 268 (1998); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this claim, the Board finds that any such failure is harmless. See Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

II. Merits of the Claims

A. New and Material Evidence

Service connection for depression was originally denied in an October 1994 rating decision. The RO essentially determined that the evidence did not show a diagnosed psychiatric disorder, other than cocaine abuse (considered willful misconduct) and a personality disorder (not a disability for service connection purposes). The Veteran appealed this denial and the Board upheld the RO's denial in an October 1998 decision, finding there was no competent evidence of a nexus between the Veteran's military service and any current psychiatric disorder, to include diagnosed depressive disorder.

Subsequent to the October 1998 Board decision, a September 2011 psychiatric report from R.B., MD, was added to the record. Dr. R.B. diagnosed the Veteran as having major depressive disorder due to, or the consequence, multiple health problems including service connected prostatitis, low back disability and hemorrhoids. Such clearly supports a claim of entitlement to service connection for depression on a secondary basis. The opinion/diagnosis thereby satisfies the low threshold requirement for new and material evidence; and, the claim is reopened. See Shade v. Shinseki, 24 Vet. App. 110 (2010). 



B. Service Connection

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2002). Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden/Caluza element is through a demonstration of continuity of symptomatology if the disability claimed qualifies as a chronic disease listed in 38 C.F.R. § 3.309(a); none of the disabilities on appeal are on the list of qualifying chronic diseases. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). As such, service connection via the demonstration of continuity of symptomatology is not applicable in the present case.

Regulations also provide that service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury which was incurred in or aggravated by service. 38 C.F.R. § 3.303(d) (2014). 

A review of the medical evidence of record fails to establish a diagnosis of PTSD at any time during the appeal period or proximate thereto. See McClain v. Nicholson, 21 Vet. App. 319, 321 (2007); Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). The Veteran was examined for his psychiatric complaints in August 2014. The examiner specifically found that he did not meet the criteria for a diagnosis of PTSD. This is consistent with the remaining medical evidence, diagnosing various depressive disorders, but concluding that the Veteran does not meet the diagnostic criteria for PTSD. See, e.g., VA treatment record, February 2006. 

The only diagnosis of PTSD of record is a January 2006 VA treatment record wherein the Veteran was noted to have tested "positive" during a PTSD screening. Such was based on a brief assessment and on an unverified stressor account. In fact, subsequent psychiatric treatment records from 2006 list diagnoses of depression and dysthymia, and that PTSD was ruled out. The Veteran ultimately declined therapy upon learning that he was not being diagnosed as having PTSD. He returned in 2008 and is shown to have infrequent, sporadic mental health care for complaints of depression and anxiety. None of those records provide a diagnosis of PTSD. 

In short, the Board finds that the totality of the evidence does not support a diagnosis of PTSD. The "positive" finding during a PTSD screening is outweighed by subsequent, contemporaneous testing and evaluations that ultimately ruled out that diagnosis. Subsequent treatment records and the August 2014 examination support this negative finding. 

As the Veteran does not have diagnosed PTSD, the first element of Shedden/Caluza is not met and the claim for service connection for PTSD must be denied. In reaching these conclusions, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claims, that doctrine is not applicable. 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. § 3.102 (2014); see also Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed. Cir. 2001). As to the Veteran's other diagnosed psychiatric disabilities, they have been remanded below.


ORDER

As new and material evidence sufficient to reopen the previously denied claim for service connection for depression has been received, the application to reopen is granted.

Entitlement to service connection for PTSD is denied.


REMAND

With regard to the Veteran's claims for service connection for a right shoulder disability and a cervical spine disability, these issues were remanded by the Board for VA examinations in June 2014. The AOJ obtained an orthopedic examination in October 2014. The examiner concluded that there was "no evidence" that the neck condition or right shoulder conditions were caused or aggravated by the Veteran's service-connected back disability. In rendering these opinions, the examiner relied on a lack of right shoulder or neck complaints in service or until many years after separation. However, as the Veteran is claiming these disabilities secondary to his service-connected back disability, a lack on inservice complaints is not fatal to his claims. In light of these deficiencies, these claims must be remanded for addendum opinions. See Barr v. Nicholson, 21 Vet. App. 303 (2007).

With regard to the Veteran's cystitis claim, the AOJ was specifically directed to afford the Veteran a genitourinary examination with "all appropriate testing" to determine whether the Veteran has cystitis. Instead, the AOJ appears to have obtained an addendum opinion from the July 2008 VA examiner. Although the report has the box for in-person examination checked, there are no physical findings or test results to support this. Significantly, although the examiner indicated that a cystoscope was the appropriate diagnostic test for cystitis, there is no indication that one was done in response to the Board's remand directives. As there is no evidence of current physical examination or testing, this opinion does not comply with the Board's June 2014 remand and this claim must be remanded once again for a VA examination.

Finally, with regard to the acquired psychiatric disorder other than PTSD claim, the Veteran was afforded a psychiatric examination in August 2014. The examiner concluded that the Veteran had depression but that it was not related to his service-connected prostatitis. However, in rendering this opinion, the examiner failed to address the September 2011 from Dr. R.B. diagnosing the Veteran with major depressive disorder, directly related to his medical conditions, and listing the Veteran's service-connected prostatitis, hemorrhoids, and back. Accordingly, this claim must also be remanded for an addendum opinion. See Barr, supra.

Accordingly, the case is REMANDED for the following actions:

1. Return the Veteran's claims file to the original August 2014 VA orthopedic examiner, if possible, for an addendum opinion. The examiner must review pertinent documents in the Veteran's claims file in conjunction with the examination. This must be noted in the examination report. If the original August 2014 orthopedic examiner is unavailable, the Veteran's claims file should be provided to another appropriate examiner for review. The Veteran may be recalled for examination if deemed necessary.

The examiner should provide a rationale for his negative nexus opinion, i.e., that it is less likely than not that the Veteran's neck and/or right shoulder conditions were caused or aggravated by the Veteran's service-connected back disability. In providing such a rationale, he is reminded that secondary service connection claims do not require inservice complaints or continuity of symptoms since service. 

2. Thereafter, return the Veteran's claims file to the original August 2014 VA psychiatric examiner, if possible, for an addendum opinion. The examiner must review pertinent documents in the Veteran's claims file in conjunction with the examination. This must be noted in the examination report.



If the original August 2014 psychiatric examiner is unavailable, the Veteran's claims file should be provided to another appropriate examiner for review. The Veteran may be recalled for examination if deemed necessary.

The examiner should determine whether it at least as likely as not (a 50 percent probability or greater) that the Veteran's diagnosed depressive disorder is caused or aggravated by his service-connected disabilities, to include prostatitis, hemorrhoids, and/or back disability. In answering this question, the examiner must specifically address the September 2011 report from Dr. R.B., who related the Veteran's depression to these service-connected disabilities.

A rationale for all requested opinions shall be provided. If the examiner(s) cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

3. Thereafter, the Veteran must be scheduled for an in-person VA genitourinary examination with an appropriate examiner. The examiner must review pertinent documents in the Veteran's claims file in conjunction with the examination. This must be noted in the examination report. 

The examiner should determine whether the Veteran has cystitis. All appropriate diagnostic testing should be performed. If no testing is performed, the examiner must explain why it is not necessary. If the examiner determines that the Veteran does have prostatitis, s/he must state whether it is at least as likely as not (a 50 percent probability or greater) that it was caused or aggravated by his service-connected prostatitis.

A rationale for all requested opinions shall be provided. If the examiner(s) cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation stating why this is so. In so doing, the examiner shall explain whether the inability to provide a more definitive opinion is the result of a need for additional information or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question(s).

4. After completing the above actions, the Veteran's claims for service connection for a right shoulder disability, a cervical disability, an acquired psychiatric disorder other than PTSD, and cystitis should be readjudicated. If any of the claims remains denied, a supplemental statement of the case should be provided to the Veteran and his representative. After they have had an adequate opportunity to respond, all issues properly on appeal should be returned to the Board for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2002 & Supp. 2014).



______________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs