**Carl S. CORNELE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–804.**

United States Court of Veterans Appeals.

Dec. 2, 1993.

As Amended Dec. 9, 1993.

Michael J. Mooney, Omaha, NE, was on the pleadings, for appellant.

Robert E. Coy, Acting General Counsel, Norman G. Cooper, Asst. General Counsel, Thomas A. McLaughlin, Deputy Asst. General Counsel, and Sara B. Lake, Washington, DC, were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Judges.

MANKIN, Judge:

Carl S. Cornele appeals the April 20, 1992, Board of Veterans' Appeals (BVA or Board) decision which determined that there was no new and material evidence presented to reopen his claim for entitlement to service connection for the residuals of head and neck injuries. This Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). Because the appellant has not submitted new and material evidence since the BVA's final disallowance of his claim in November 1989, this Court will affirm the April 1992 BVA decision.

## I. FACTUAL BACKGROUND

The appellant served on active duty in the United States Air Force from April 4, 1955, to March 9, 1959. Both his enlistment examination and his separation examination show the appellant to have been in normal physical health. In December 1987, the appellant filed a Report of Accidental Injury in Support of Claim for Compensation or Pension. This report described a motor vehicle accident that the appellant was involved in on July 5, 1958, while he was on active duty in Hawaii. The Highway Patrol Report indicated that the appellant was the driver of a vehicle that was rear-ended by an intoxicated driver who was later charged with careless driving. The appellant is not listed as one of those injured and it is not indicated in the report whether the appellant was taken to the hospital.

A February 1988 Veterans' Administration (now Department of Veterans Affairs) (VA) examination revealed the appellant's cervical and dorsal spine, his left shoulder, and his posteroanterior and lateral chest to be normal. In addition, the examining physician

also found normal head, neck, and shoulder motion and no peripheral edema or peripheral numbness. The physician noticed a scar on the posterior neck at the C-7 level which was 4x2x½ inch. The appellant was diagnosed as having the residuals of a neck injury.

In August 1988, the appellant appealed a VA Regional Office (RO) decision denying him service connection for his head and neck injuries. On November 28, 1988, the appellant testified before a hearing officer as to the circumstances of the 1958 car accident, his treatment afterward, and his current medical condition. He testified that after the accident he suffered from a headache, was taken to the hospital, and was given pain pills. He was not hospitalized. The appellant also testified that he had not sought any medical treatment for his head or neck until 1988. During the hearing, the appellant submitted a statement dated October 10, 1988, from his chiropractor, Dr. McClure, which stated that an isometric strength analysis had revealed the appellant to suffer a strength impairment to the cervical spine. However, the appellant also testified that Dr. McClure, after reviewing x-rays from the appellant's February 1988 VA examination, was unable to pinpoint how long ago this condition had originated. The appellant later submitted an additional letter from Dr. McClure dated December 6, 1988, which stated that the appellant's current medical complaints stemmed from the 1958 car accident.

On November 1, 1989, the BVA denied service connection for the appellant's head and neck injuries. The BVA concluded that the service medical records and investigative reports were completely devoid of indications of chronic head or neck disabilities. The Board also found that a report dated May 9, 1989, from Dr. McClure had not yet been considered by the RO; thus, the Board referred the report to the RO for processing as a reopened claim. The May 1989 report, a clinical description of the appellant's condition, provided a finding of disability related to the appellant's cervical spine, but did not give any opinion as to the cause. On November 9, 1989, after reviewing Dr. McClure's May 1989 report, the RO issued a confirmed decision.

The appellant again attempted to reopen his claim by submitting a letter dated November 18, 1990 from Mr. Campbell, a former serviceman who was in the car with the appellant during the 1958 accident. R at 102. This "buddy letter" states that both the appellant and Mr. Campbell were taken to the hospital and given medication for pain after the accident. In December 1990, the RO issued a confirmed decision stating that Mr. Campbell's statement was duplicative of evidence already in the record. The appellant filed a Notice of Disagreement on January 9, 1991. In December 1991, the appellant submitted another statement dated December 21, 1991, from Mr. Campbell which provides a more detailed description of the accident and the pain the appellant suffered immediately after the 1958 car accident.

An April 20, 1992, BVA decision determined that the appellant had not submitted new and material evidence to warrant reopening of the appellant's claim for service connection for the residuals of his head or neck injuries.

## II. ANALYSIS

■ Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. To reopen previously and finally disallowed claims, the BVA must conduct a two-step analysis. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). First, the Board must determine whether the evidence presented or secured since the prior disallowance of the claim is "new and material." Second, if the evidence is new and material, then the case is reopened and the Board must evaluate the appellant's claim in light of *all* the evidence, both new and old. *Id.*

■ The determination as to whether evidence is "new and material" is a question of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski*, 2 Vet.App. 181, 185

(1992). This Court's most recent statement of the law provides that:

"New" evidence is that which is not merely cumulative of other evidence of record. "Material" evidence is that which is relevant to and probative of the issue at hand and which ... must be of sufficient weight or significance (assuming its credibility) that there is a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome.

*Cox v. Brown,* 5 Vet. App. 95, 98 (1993).

The evidence submitted subsequent to the prior final denial of the appellant's claim in November 1989 consists of a May 1989 report from the appellant's chiropractor and two letters from the appellant's fellow serviceman, Mr. Campbell. For the reasons that follow, none of the evidence submitted by the appellant in support of reopening his claim is new and material.

■ Dr. McClure's May 1989 report is new evidence since it is not simply cumulative of that which is already in the record; however, it is not material because it is not relevant to and probative of the issue at hand—whether the appellant's head and neck injuries are connected to the motor vehicle accident which occurred while the appellant was on active duty in the U.S. Air Force. Further, because the report does not link the accident that occurred in service to the appellant's current disability of his cervical spine, it cannot be considered material evidence sufficient to reopen his claim for the residuals of head and neck injuries. *See Sweat v. Principi,* 4 Vet.App. 67, 71 (1993). Neither the appellant's service medical records nor his separation examination reflects any findings of head or neck injuries. In fact, it was not until 1988, nearly 30 years after the appellant's accident, that he first sought medical treatment for his "injuries." Therefore, since there has not been any other indication of head or neck injuries besides Dr. McClure's report, no continuity of symptomatology has been established. *See* 38 C.F.R. § 3.303(b) (1993).

■ Mr. Campbell's statement dated November 18, 1990, reports that he and the appellant were involved in a car accident, were taken to the hospital, and were given medication for pain. Because the appellant offered this identical information in his personal hearing testimony on November 28, 1988, this evidence is merely cumulative of what is already in the record and is, therefore, not new. Further, Mr. Campbell's statement is not material in that it is not relevant to or probative of whether this accident was the cause of the appellant's current head and neck injuries. There is no dispute as to whether an accident occurred on July 5, 1958; rather, the issue at hand is whether the appellant's current head or neck injuries are connected to an automobile accident that occurred during active duty.

■ Mr. Campbell's statement dated December 21, 1991, is an elaboration of his previous letter. However, because it includes a more detailed description of the severity of the pain that the appellant endured subsequent to the accident, it is not merely cumulative of what is already in the record and may be considered new evidence. In addition, it is not material since the appellant's complaints of pain immediately following the accident are not relevant to or probative of whether the appellant's current medical condition is connected to the 1958 car accident. Further, Mr. Campbell's statements would not be competent evidence even if he did state that the appellant's head and neck injuries were a result of the accident, since a lay witness is not capable of offering probative evidence that requires medical knowledge. *Espiritu v. Derwinski,* 2 Vet. App. 492, 494 (1992).

## III. CONCLUSION

Upon careful consideration of the parties' filings and review of the record on appeal, it is the holding of this Court that no new and material evidence was submitted to reopen the appellant's claim for entitlement for service connection for the residuals of head and neck injuries. Therefore, we find no basis to overturn the April 20, 1992, BVA decision. Accordingly, the decision of the Board is AFFIRMED.