Citation Nr: 1504678 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 09-35 606 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Whether new and material evidence has been received to reopen a previously denied claim of service connection for hypertension.


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

Arif Syed, Counsel


INTRODUCTION

The Veteran served on active duty with the United States Navy from May 1945 to Apri1 1949.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision by the Cleveland, Ohio, Regional Office (RO) of the United States Department of Veterans Affairs (VA), which denied entitlement to the benefit sought. The decision was made by the Tiger Team in that office, designated to process claims for older Veterans and reduce backlog waiting times. Jurisdiction over the Veteran lays with the Montgomery, Alabama, RO, based on his residence.

The Veteran and his wife testified before the undersigned Veterans Law Judge (VLJ) at an August 2013 personal hearing held via videoconference from the RO. A transcript of the hearing is associated with the claims file. 

In October 2013 and June 2014, the Board remanded the Veteran's hypertension claim as well as a claim of entitlement to service connection for a respiratory disability. In a December 2014 rating decision, the Appeals Management Center (AMC) awarded the Veteran entitlement to service connection for the respiratory disability, specifically emphysema/chronic obstructive pulmonary disease (COPD). In view of the foregoing, this service connection issue has been resolved and is no longer before the Board. See generally Grantham v. Brown, 114 F.3d 116 (Fed. Cir. 1997). However, the AMC continued the denial of the Veteran's hypertension claim most recently in a December 2014 supplemental statement of the case (SSOC). Accordingly, the Veteran's VA claims folder has been returned to the Board for further appellate proceedings.

As will be discussed below, the Veteran's hypertension claim was previously denied by the RO in a January 1993 rating decision, and that decision is final. Subsequent to the January 1993 rating decision, outstanding service department records were associated with the Veteran's claims folder, specifically service treatment records during the Veteran's period of active duty and service personnel records. 

Under 38 C.F.R. § 3.156(c)(1) (2014), "at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim ... Such records include, but are not limited to: (i) Service records that are related to a claimed in-service event, injury or disease ... (ii) Additional service records forwarded by the Department of Defense or the service department of VA any time after VA's original request for service records; and (iii) Declassified records that could not have been obtained because the records were classified when VA decided the claim." The Board finds that although the newly associated service treatment records and personnel records were associated with the Veteran's claims folder after VA's original request for the records, these records are not relevant for the purposes of reconsidering the Veteran's hypertension claim. Pertinently, these records do not indicate that the Veteran's current hypertension manifested during military service or within one year of discharge from service, which as discussed below, was the basis for the previous denial. The newly associated service treatment records document treatment for a gonococcus infection of the urethra from March through June 1947, spinal symptoms and headaches from January through February 1948, and negative chest X-ray results dated April 1949. There is also a May 1945 enlistment examination which reveals essentially normal findings. Indeed, the newly associated records do not address the Veteran's claimed hypertension or symptoms associated with hypertension to include high blood pressure. Therefore, these service treatment records and service personnel records are not relevant to this issue before the Board. Accordingly, the Board will not reconsider the Veteran's hypertension claim pursuant to 38 C.F.R. § 3.156(c). However, as will be discussed below, the Board will address whether these records are new and material sufficient to reopen the Veteran's previously denied claim. 

In a December 2014 rating decision, the Milwaukee Pension Center denied a claim pertaining to nonservice-connected pension based on the Veteran's countable income. The electronic Veterans Appeals Control and Locator System (VACOLS) indicates that the Veteran filed a notice of disagreement (NOD) with this decision. As the agency of original jurisdiction (AOJ) has acknowledged receipt of the NOD, this situation is distinguishable from Manlincon v. West, 12 Vet. App. 238 (1999), where a NOD had not been recognized. As VACOLS reflects that the NOD has been recognized and that additional action is pending, Manlincon is not applicable in this case as to these claims.
The Board has reviewed the record maintained in the Veteran's Virtual VA paperless claims processing system folder.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDINGS OF FACT

1. In an unappealed January 1993 rating decision, the RO denied the Veteran's claim of entitlement to service connection for hypertension. 

2. Evidence submitted since the January 1993 rating decision is cumulative or redundant of the evidence of record at the time of the prior final denial of the claim, and does not raise a reasonable possibility of substantiating the claim. 


CONCLUSIONS OF LAW

1. The January 1993 rating decision denying service connection for hypertension is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2014).

2. Since the January 1993 rating decision, new and material evidence has not been received, and the claim of entitlement to service connection for hypertension is not reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2014).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran seeks entitlement to service connection for hypertension. Implicit in his claim is the contention that new and material evidence which is sufficient to reopen the previously-denied claim has been received. In the interest of clarity, the Board will discuss certain preliminary matters. The issue on appeal will then be analyzed and a decision rendered.

Stegall concerns

As alluded to above, in October 2013 and June 2014, the Board remanded this claim and ordered the agency of original jurisdiction (AOJ) to obtain any outstanding service treatment records, service personnel records, Social Security Administration (SSA) records, and VA treatment records. The Veteran's claim was then to be readjudicated. 

Pursuant to the Board's remand instructions, the AMC obtained outstanding service treatment records, service personnel records, and VA treatment records and associated these records with the claims folder. The AMC also attempted to obtain outstanding SSA records. The Veteran's hypertension claim was most recently readjudicated via the December 2014 SSOC. 

Accordingly, the Board's remand instructions have been substantially complied with regarding the Veteran's hypertension claim. See Stegall v. West, 11 Vet. App. 268, 271 (1998) [where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance]. 

The Veterans Claims Assistance Act of 2000

The Veterans Claims Assistance Act of 2000 (VCAA) includes an enhanced duty on the part of VA to notify a claimant as to the information and evidence necessary to substantiate a claim for VA benefits. The VCAA also defines the obligations of VA with respect to its statutory duty to assist a claimant in the development of his claim. See 38 U.S.C.A. §§ 5103, 5103A (West 2014).
Notice

VA must notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, VA is to specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant. With regard to new and material evidence claims, VA must also notify a claimant of the evidence and information that is necessary to reopen the claim generally, i.e. what new and material evidence means. Kent v. Nicholson, 20 Vet. App. 1 (2006). The Board notes VAOPGCPREC 6-2014 however which states that the plain language of 38 U.S.C.A. § 5103(a)(1) does not require VA, upon receipt of a previously denied claim, to provide notice of the information and evidence necessary to substantiate the element or elements that were found insufficient in the previous denial of the claim. In other words, the opinion holds that Kent is no longer controlling insofar as it construed the former § 5103(a) to require that VA provide case-specific notice to a claimant in a claim to reopen.

The Veteran was provided with the required notice, to include notice with respect to the disability rating and effective-date elements of the claim as well as what is required generally to substantiate new and material evidence sufficient to reopen a previously denied claim, by a letter mailed in January 2008, prior to the initial adjudication of his claim. 

Duty to assist

Regarding the duty to assist, in a claim to reopen, VA's responsibility extends to requesting evidence from any new source identified by the claimant, and if that evidence is then not new and material, the claim is not reopened, and VA's duties have been fulfilled. To be clear, VA does not have a duty to provide the Veteran a VA examination and/or an opinion if the claim is not reopened. See 38 U.S.C. 
§ 5103A(f) (West 2014); 38 C.F.R. § 3.159(c)(4)(C)(iii) (2014). As discussed above, in this case, the AOJ complied with VA's notification requirements and informed the Veteran of the information and evidence needed to substantiate his claim. The pertinent evidence of record includes statements from the Veteran and his wife, service treatment records, as well as VA and private treatment records. Since no new and material evidence has been submitted, however, an examination and an opinion are not required. 

In general, VA's duty to assist includes obtaining records from the Social Security Administration (SSA). See Murincsak v. Derwinski, 2 Vet. App. 363 (1992). The record demonstrates that the Veteran is currently in receipt of SSA benefits. The record further demonstrates that the AMC requested records in connection with the Veteran's SSA disability benefits claim from the SSA in October 2013, and in a November 2013 response, the SSA informed the AMC that all medical records in connection with the Veteran's SSA disability benefits claim have been destroyed. The Veteran was informed of the negative response from the SSA in a letter dated November 2014. The Veteran has not submitted or identified any outstanding evidence pertaining to his SSA records which could be obtained to substantiate the claim. 

As noted above, the Veteran was afforded a hearing before the undersigned VLJ during which he presented oral argument in support of his new and material evidence claim. In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) (2014) requires that the VLJ/DRO who chairs a hearing fulfill two duties to comply with the above the regulation. These duties consist of (1) the duty to fully explain the issues and (2) the duty to suggest the submission of evidence that may have been overlooked. Here, the VLJ fully explained the issue on appeal during the hearing and specifically discussed the Veteran's hypertension and suggested the submission of evidence that would be beneficial to the Veteran's claim, namely evidence of current hypertension that is related to military service. Significantly, the Veteran has not asserted that VA failed to comply with 38 C.F.R. § 3.103(c)(2), nor has he identified any prejudice in the conduct of the Board hearing. By contrast, the hearing focused on the criteria necessary to substantiate the claim, and the Veteran, through his testimony, demonstrated that he had actual knowledge of the criteria necessary to substantiate his claim. As such, the Board finds that, consistent with Bryant, the VLJ complied with the duties set forth in 38 C.F.R. 
§ 3.103(c)(2).

The Board additionally observes that all appropriate due process concerns have been satisfied. See 38 C.F.R. § 3.103 (2014). The Veteran has been accorded the opportunity to present evidence and argument in support of his claim. He was afforded a videoconference hearing before the undersigned in August 2013.

Accordingly, the Board will proceed to a decision as to the issue on appeal.

Service connection for hypertension

Pertinent legal criteria

Generally, service connection may be granted for disability or injury incurred in or aggravated by active military service. See 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (2014).

In order to establish service connection for the claimed disorder, there must be 
(1) evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 253 (1999). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. See Baldwin v. West, 13 Vet. App. 1, 8 (1999).

For certain chronic disorders, including hypertension, service connection may be granted if the disease becomes manifest to a compensable degree within one year following separation from service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2014).

In general, VA rating decisions that are not timely appealed are final. See 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1103 (2014). Pursuant to 38 U.S.C.A. § 5108, a finally disallowed claim may be reopened when new and material evidence is presented or secured with respect to that claim.

New evidence is defined as evidence not previously submitted to agency decision-makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. See 38 C.F.R. § 3.156(a) (2014). In determining whether evidence is new and material, the "credibility of the evidence is to be presumed." Justus v. Principi, 3 Vet. App. 510, 513 (1992). 

After the evidence is assembled, it is the Board's responsibility to evaluate the entire record. See 38 U.S.C.A. § 7104(a) (West 2014). When there is an approximate balance of evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each issue shall be given to the claimant. See 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. §§ 3.102, 4.3 (2014). 

Claim to Reopen

In a January 1993 rating decision, the RO denied the Veteran's claim of entitlement to service connection for hypertension because the evidence failed to show hypertension was incurred in service or within the one-year presumptive period after discharge. The Veteran was informed of the January 1993 rating decision and of his appellate rights by a letter from the RO dated in February 1993. He did not file a timely notice of disagreement, nor was new and material evidence submitted within one year of the date the rating decision was provided to him. The January 1993 rating decision therefore became final. 

The evidence of record at the time of the 1993 denial included the Veteran's statements, available service treatment records, and a VA examination report dated December 1992. His available service treatment records, which was his April 1949 separation examination, was absent complaints of or treatment for hypertension. However, he complained of high blood pressure since service at the December 1992 VA examination. He was diagnosed with hypertension at that time. 

In October 2007, the RO received the Veteran's claim of entitlement to service connection for hypertension. After the RO declined to reopen the Veteran's previously denied claim based upon his failure to submit new and material evidence, this appeal followed. 

The evidence which has been added to the record since the January 1993 rating decision will be discussed in the Board's analysis below.

In essence, the RO denied the Veteran's claim in January 1993 because the evidence failed to show that his hypertension was incurred during military service and did not manifest within one year of his service discharge. 

The unappealed January 1993 rating decision is final. See 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2014). As explained above, the Veteran's claim for service connection may be reopened only upon the submission of new and material evidence. See 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2014). 

The Board notes that although the RO declined to reopen the Veteran's claim in the December 2006 rating decision, it is incumbent on the Board to adjudicate the new and material issue before considering the claim on its merits. The question of whether new and material evidence has been received is one that must be addressed by the Board. See Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996) (noting that before considering a previously adjudicated claim, the Board must determine that new and material evidence was presented or secured for the claim, making RO determination in that regard irrelevant).

After a thorough review of the entire record, and for the reasons expressed immediately below, the Board concludes that new and material evidence sufficient to reopen the claim of entitlement to service connection for hypertension has not been submitted. In the present case, the unestablished fact is whether the Veteran's hypertension was incurred during military service. 

The newly added evidence, in pertinent part, consists of postservice VA and private treatment records and statements from the Veteran and his wife as well as service treatment and personnel records. 

As discussed above, the newly associated service treatment records document treatment for a gonococcus infection of the urethra from March through June 1947, spinal symptoms and headaches from January through February 1948, and negative chest X-ray results dated April 1949. There is also a May 1945 enlistment examination which reveals essentially normal findings. These records do not address the Veteran's claimed hypertension or symptoms associated with hypertension to include high blood pressure. Further, newly associated service personnel records are likewise absent treatment for or complaints of hypertension or symptoms associated therewith. As such, the Board finds that these service records are not new and material sufficient to reopen the Veteran's claim. Indeed, these records weigh against the Veteran's claim as they are absent any indication that his hypertension was incurred in service or manifested within one year following discharge which as noted above was the reason for the previous denial of his claim.

The newly associated postservice medical evidence documents treatment for and diagnosis of hypertension. See, e.g., a VA treatment record dated February 2013. While these medical records are undoubtedly new, as they were not of record at the time of the January 1993 rating decision, these records essentially replicate the medical evidence which was of record at the time of the January 1993 rating decision, namely that the Veteran has a current diagnosis of hypertension. See, e.g., the December 1992 VA examination report. Such evidence is not new and material, since the existence of the disability was known in January 1993. See Cornele v. Brown, 6 Vet. App. 59, 62 (1993); Mintz v. Brown, 6 Vet. App. 277, 280 (1994) (stating that medical evidence that merely documents continued diagnosis and treatment of disease, without addressing the crucial matter of medical nexus, does not constitute new and material evidence). These records do not establish or suggest that the Veteran's hypertension was incurred in military service or manifested within one year of service discharge. There is no competent medical evidence which has been added to the record subsequent to the January 1993 RO denial which suggests that the Veteran's hypertension was incurred during military service or that hypertension manifested within one year of service discharge. 

The Board notes the Veteran's recent statements concerning experiencing high blood pressure during service. See, e.g., the August 2013 Board hearing transcript, pgs. 13-14. However, his history of high blood pressure since service was of record at the time of the prior denial. See, e.g., the December 1992 VA examination report. Accordingly, this information is cumulative of information that was before the adjudicator at the time of the prior decision. 
 
Furthermore, with regard to recent statements from the Veteran and his wife to the extent that the Veteran has hypertension that is related to his military service, such evidence is cumulative and redundant of similar statements made prior to the January 1993 rating decision. Accordingly, such statements are not new. See Reid v. Derwinski, 2 Vet. App. 312, 315 (1992).

Moreover, while the Veteran and his wife are entirely competent to report the Veteran's symptoms both current and past, the Board finds that the Veteran and his wife as lay people are not competent to associate any of the Veteran's claimed symptoms to his military service. That is, the Veteran and his wife are not competent to opine on matters such as the etiology of his current hypertension. Such opinion requires specific medical training in the field of internal medicine and is beyond the competency of the Veteran or any other lay person. In the absence of evidence indicating that the Veteran or his wife have the medical training in the field of internal medicine to render medical opinions, the Board must find that their contention with regard to a nexus between the Veteran's hypertension and his military service for the purpose of reopening his previously denied claim to be of minimal probative value and outweighed by the objective evidence of record. See 38 C.F.R. § 3.159(a)(1) (2014) [competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions]. Accordingly, the statements offered by the Veteran and his wife in support of reopening his previously denied claim are not competent evidence of a nexus.
 
In short, there is no competent evidence of a relationship between the Veteran's hypertension and his military service. 

The Veteran has been accorded ample opportunity to submit new and material evidence, to include competent medical evidence and information specifically indicating that his hypertension is related to his military service. He has failed to do so. See 38 U.S.C.A. § 5107(a) (finding that it is a claimant's responsibility to submit evidence in support of his claim).

In summary, the element which was missing at the time of the January 1993 denial of service connection remains lacking. New and material evidence has not been received, and the Veteran's claim of entitlement to service connection for hypertension may not be reopened. The benefit sought on appeal remains denied. 


ORDER

New and material evidence has not been received to reopen the claim of entitlement to service connection for hypertension. The benefit sought on appeal remains denied.




____________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs